# DISTRICT COURT OF MARYLAND FOR Anne Arundel County

LOCATED AT (COURT ADDRESS)
7500 Ritchie Highway
Glen Burnie, MD 21061

**COMPLAINT** ☒ $5,000 or under ☐ over $5,000 ☐ over $10,000

Clerk: Please docket this case in an action of ☐ **contract** ☒ **tort** ☐ **replevin** ☐ **detinue** ☐ **bad faith insurance claim**

The particulars of this case are:

CASE NO.
**CV** 11937-11

## PARTIES

Plaintiff
Nicole Allgaier
220 Carvel Road
Pasadena, MD 21122

SEE ATTACHED CONTINUATION SHEET

VS.

Defendant(s):
1. Credit One Bank
585 Pilot Road
Las Vegas, Nevada 89119

Serve by:
☐ Certified Mail
☒ Private Process
☐ Constable
☐ Sheriff

2.
Serve by:
☐ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

3.
Serve by:
☐ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

4.
Serve by:
☐ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

(See Continuation Sheet)
☒ Legal
☐ Contractual _____ %

The Plaintiff claims:
☒ $ 350.00 plus interest of $_____ and attorney's fees of $_____ plus court costs.
☐ Return of the property and damages of $_____ for its detention in an action of replevin.
☐ Return of the property, or its value, plus damages of $_____ for its detention in action of detinue.
☒ Other: $1,500.00 punitive damages and demands judgment for relief.

/S/
Signature of Plaintiff/Attorney/Attorney Code
Signer's Address: 220 Carvel Road, Pasadena, MD 21122

Signer's Telephone Number: 410-878-5512
Signer's Facsimile Number, if any: _____
Signer's E-mail Address, if any: _____

## ATTORNEYS

For Plaintiff - Name, Address, Telephone Number & Code

## MILITARY SERVICE AFFIDAVIT

☐ Defendant(s) _____ is/are in the military service.
☒ No Defendant is in the military service. The facts supporting this statement are: Defendant is a business therefore does not have the ability for military service.

*Specific facts must be given for the Court to conclude that each Defendant who is a natural person is not in the military.*

☐ I am unable to determine whether or not any Defendant is in military service.
I hereby declare or affirm under the penalties of perjury that the facts and matters set forth in the aforegoing Affidavit are true and correct to the best of my knowledge, information, and belief.

July 27, 2011
Date

/S/
Signature of Affiant

## APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT

Attached hereto are the indicated documents which contain sufficient detail as to liability and damage to apprise the Defendant clearly of the claim against the Defendant, including the amount of any interest claimed. ☐ Properly authenticated copy of any note, security agreement upon which claim is based ☐ Itemized statement of account ☐ Interest worksheet ☐ Vouchers ☐ Check ☐ Other written document ☐ Invoices ☐ Verified itemized repair bill or estimate
I HEREBY CERTIFY: That I am the ☐ Plaintiff ☐ _____ of the Plaintiff herein and am competent to testify to the matters stated in this complaint, which are made on my personal knowledge; that there is justly due and owing by the Defendant to the Plaintiff the sum set forth in the Complaint.
I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the above Complaint are true and I am competent to testify to these matters.

Date

Signature of Affiant

DC/CV 1 (front) (Rev. 7/2011)

APR 16 2012
.9

## NOTICE TO DEFENDANT BEFORE TRIAL

If you agree that you owe the amount claimed, it may not be necessary for you to come to Court. Contact the Plaintiff if you wish to make payment. If you are appearing in court on the trial date, bring letters, receipts, and contracts which may help you. If you need a witness, contact the Clerk's office about a summons to the witness.

## NOTICE IF JUDGMENT IS ENTERED

If the Court awards judgment in this case to the Plaintiff, you as the Judgment Debtor, may do several things before submitting payment to satisfy the judgment. One is to appeal the decision to the circuit court sitting in that District. This is what's involved in an APPEAL of a District Court judgment—

1. 30 DAYS—You would have 30 days from the day of an adverse judgment within which to note your appeal at the District Court and there pay the higher court's filing fee. If you qualify as indigent, you may at that time petition the District Court to waive the collection of this fee.
2. TRANSCRIPT COSTS—If the amount which you were sued was $5,000 or less (not counting interest or attorney's fees), the circuit court would hear your appeal as an entirely new case from start to finish. Therefore, no transcripts from the District Court trial would be necessary. If, however, this amount should exceed $5,000, the higher court would hear your appeal on the record of what transpired in the District Court. That appeal requires a transcript of the District Court trial record. For information and costs to obtain a transcript refer to the Transcripts and Recordings brochure DCA 27 available at the clerk's office.

Another option after an adverse judgment is to file a MOTION FOR A NEW TRIAL.
1. 10 DAYS—You have 10 days from day of judgment to do this.
2. GRANT/DENY—If the Court grants your motion, you will receive a summons to a new trial.

The last options are to file MOTIONS to change the JUDGMENT.
1. 10 DAYS for ALTERING or AMENDING the judgment.
2. 30 DAYS for REVISING the judgment.

If you would not want to move on any of these options, then you should make all possible arrangements with the Plaintiff or the Plaintiff's attorney to pay the judgment amount. Should you not do this, the Plaintiff could request the Court's enforcement powers. These enforcement procedures include—
1. INTERROGATORIES—This is an attempt to locate any assets you may have. This requires written answers.
2. ORAL EXAMINATION—Another attempt to locate any assets you may have. This requires your appearing in court to answer questions. The Court backs up these plaintiff attempts at discovery by bringing its contempt powers to bear on an unresponsive defendant. More stringent enforcements you should know about include—
3. WRIT OF EXECUTION—Such a writ could order the levying or seizure and sale of any of your goods. And you, in such a circumstance, would bear the expenses of the seizure (e.g. towing, moving, storage fees, auctioneer's fees, advertising costs). Some of your goods are, by their nature, exempt from such action—
   (a) Wearing apparel, books, tools, instruments, or appliances necessary for the practice of any trade or profession, except those kept for sale, lease, or barter, in an amount not to exceed $5,000 in value.
   (b) Money payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings. This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance benefits, compensation and relief. Disability income benefits are not exempt if the judgment is for necessities contracted for after the disability occurred.
   (c) Professionally prescribed health aids for you or any of your dependents.
   (d) Your interest, not to exceed $1,000 in value, in household furnishings, household goods, wearing apparel, appliances, books, animals kept as pets, and other items that are held primarily for personal, family or household use by you or your dependents.
   (e) Cash or property of any kind equivalent in value to $6,000, if within 30 days from the date of the attachment or levy you elect to exempt cash or selected items of property in an amount not to exceed a cumulative value of $6,000.
   (f) Money payable or paid in accordance with an agreement or court order for child support.
   (g) Money payable or paid in accordance with an agreement or court order for alimony to the same extent that wages are exempt from attachment under § 15-601.1(b)(1)(ii) or (2)(i) of the Commercial Law Article.
   (h) The debtor's beneficial interest in any trust property that is immune from the claims of the debtor's creditors under § 14-113 of the Estates and Trusts Article.
   (i) With respect to claims by a separate creditor of a husband or wife, trust property that is immune from the claims of the separate creditors of the husband or wife under § 14-113 of the Estates and Trusts Article.
4. GARNISHMENT OF PROPERTY—Such a writ, attaching certain assets of yours in the hands of someone else, would order that other party (e.g. bank holding your account, agent) to hold the asset subject to further court proceedings.
5. GARNISHMENT OF WAGES—Such a writ would order your employer to begin withholding from your wages the amount left over after deducting what is lawfully required and after exempting money that may not be garnished.
   Exemptions from garnishment—
   (1) the greater of: (a) 75 percent of the disposable wages due; OR (b) 30 times the federal minimum hourly wages under the Fair Labor Standards Act in effect at the time the wages are due; AND (2) any medical insurance payment deducted from an employee's wages by the employer. Other federal exemptions may be available. Disposable wages means the part of wages that remain after deduction of any amount required to be withheld by law. Finally, should you become the Judgment Debtor you should know that judgment is public information and anyone may request a copy of it.
   To Plaintiff: If the Court enters a judgment for a sum certain, you have a right to obtain a lien on real property.

DC/CV 1 (back) (Rev. 7/2011)

APR 1 6 2012

## CONTINUATION SHEET

1.    That, Plaintiff, Nicole Allgaier,  was a card holder of a revolving credit charge account originating with Credit One Bank, Defendant, said account having been opened on or about 2009;

2.    That Defendant, Credit One Bank, is a bank providing the service of high risk revolving credit, stereo-typically preying upon individuals that are considered a high risk with high fees, high interest rates and extra normal costs not usually associated with more reputable lending institutions;

3.    That, Plaintiff, did make every, any and all payments in a timely fashion;

4.    That, Defendant did not report all payments in a fair, accurate or responsible manner with credit bureaus to which they relay, provide, share and display debtor information;

5.    That, Plaintiff, did make Defendant, Credit One Bank, aware of continued improprieties, false reporting and reporting errors;

6.    That, Defendant, Credit One Bank, failed and refused to correct said errors despite numerous requests in Plaintiff's behalf;

7.    That, Defendant, Credit One Bank, has failed and continues to fail in the correction or removal of said entry listed on all three major credit reporting agencies as Plaintiff, Nicole Allgaier, has no duty with regard to payment of said debt;

8.    That Defendant, Credit One Bank, does not convey current and accurate information thus continuing Plaintiff to be harmed thereby;

9.    That, Defendant(s) published, publishes and continue to publish certain defamatory information by way of false credit report information, which information was intended to and has been published to third parties, to the detriment and damage of Plaintiff;

10.    That, as a result of the false and malicious publication of information relating to Plaintiff's alleged non-payment for services, Plaintiff, Nicole Allgaier, has suffered damage to her reputation, and has been harmed in her personal and business pursuits.

        WHEREFORE, Plaintiff prays judgment be entered in her favor for compensatory damages in the amount of $350.00 and punitive damages in the amount of $1,500.00.

                    Respectfully Submitted,

                    /S/
        _____
        Nicole Allgaier, Plaintiff
        220 Carvel Road
        Pasadena, MD 21122
        (410) 878-5512

                                    APR 16 2012
                                    9

*M*
*P*
*S*

*Medical Document and Retrieval Service*
*For the Legal Community*

U.S. POSTAGE
$4.75
FCM LETTER
21122
Date of sale
04/13/12
02   1P00
FC0095000105216        02315323

Road
Maryland 21122

9171 9690 0613 0021 0296 37

Credit One Bank
585 Pilot Road
Las Vegas, NV 89119

APR 16 2012

89119361985